CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED
Harrisonburg
MAY 10 2005
JOHN F. CORCORAN, CLERK
BY: /s/ Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 5:05CR00001 |
| | ) | |
| v. | ) | |
| | ) | REPORT AND RECOMMENDATION |
| KAREN SUE JAMES, | ) | |
| | ) | |
| Defendant, | ) | By: B. WAUGH CRIGLER |
| | ) | U.S. MAGISTRATE JUDGE |

In accordance with the provisions of Title 28 U.S.C. § 636(b)(3) and upon the defendant's consent, this case was referred to the undersigned to conduct a plea hearing.

**DEFENDANT'S RESPONSES TO RULE 11 INQUIRY**

The Grand Jury has returned a multiple-count Superseding Indictment charging defendant, in Count Two, with conspiring to cause another to travel in interstate commerce with the intent that the murder of another be committed in violation of the laws of any state, and providing as consideration a promise and agreement to pay things of pecuniary value, to wit: cocaine, a firearm, ammunition and United States currency, in violation of 18 U.S.C. § 1958; and in Count Nine, with knowingly and intentionally using or carrying a firearm, and possessing a firearm, to wit: an Ithaca Model 37 Featherlight .12 gauge shotgun, serial number 371595516, during and in furtherance of a drug trafficking crime, and in relation to a crime of violence, for which she may be prosecuted in a court of the United States, in violation of 18 U.S.C. § 924(c)(1)(A), 924 (c)(1)(B)(i), and 924 (c)(1)(C)(i). With respect to Count Two, the Grand Jury also made special findings, pursuant to United States Sentencing Guidelines § 3B1.1(c), that the defendant shall be held responsible as an organizer or leader of criminal activity that involved five or more participants or was otherwise

extensive and, pursuant to USSG § 2D1.1(b)(1), for possessing a firearm. On April 27, 2005, a plea hearing was conducted before the undersigned, and the defendant entered a plea of guilty to Count Two of the Superseding Indictment pursuant to a plea agreement between defendant and the government. The government has agreed to dismiss Count Nine upon acceptance of defendant's plea to Count Two.

At this hearing the defendant was placed under oath and testified that her full legal name is Karen Sue James, that she was born on April 15, 1964, and that she completed high school. The defendant stated that she can read, write, and understand the English language. The defendant stated that she was fully aware of the nature of the charges against her and the consequence of pleading guilty to those charges. The defendant further testified that she was not under the influence of alcohol, medicine, or any drug, save for the antidepressant Lexapro, which the defendant stated did not in any way inhibit her understanding of the proceedings, the nature of the charges against her or the consequences of pleading guilty to those charges. Defendant stated that she was subject to no other physical or mental condition that would impair her ability to understand any aspect of the proceedings. The defendant's counsel stated that she had no reservations as to the defendant's competency to enter a plea of guilty to these offenses.

The defendant testified that she had received a copy of the Superseding Indictment pending against her and that she had fully discussed the charges therein, and her case in general, with her counsel. She also testified that she had read the plea agreement in its entirety and she had discussed the plea agreement with her counsel before signing the agreement. She stated that she understood the terms of the agreement and that the document presented to the court set forth her agreement with the government in its entirety. The defendant specifically testified that she understood that under

the terms of the agreement she was waiving any right to appeal or to collaterally attack her conviction or sentence and that she was waiving her right to have a jury determine beyond a reasonable doubt the facts alleged in Count Two, including any facts related to sentencing.

The defendant stated that she was pleading guilty of her own free will because she was, in fact, guilty of the offenses charged. The defendant also stated that no one had made any promises other than those contained in her agreement with the government, or made any assurances or threats to her in an effort to induce her plea. The defendant testified that she understood that the offenses with which she is charged are felonies and that, if her plea is accepted, she will be adjudged guilty of such offenses. Moreover, the defendant testified that she understood that she will be required to pay a mandatory assessment of $100, that she may be required to pay restitution, and that, at the discretion of the court, she may also be denied federal benefits, as that term is defined in 21 U.S.C. § 862, for a period of years or indefinitely, as set forth in the plea agreement. The defendant stated that she consented to the administrative forfeiture, official use and/or destruction of any illegal firearms or illegal contraband seized by any law enforcement agency from her possession or from her direct or indirect control. The defendant further stated that she understood that she must submit to the government a complete and truthful financial statement revealing all her assets and liabilities on a form provided by the government within 30 days of the date of the plea agreement. The defendant stated that she was waiving her right to raise the defense of the statute of limitations if for any reason the plea agreement is withdrawn or otherwise not consummated. The defendant also testified that she was waiving all rights under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act, 5 U.S.C. § 552a, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of her case.

The defendant was informed that the maximum possible penalty provided by law for the offenses with which she is charged is, in the case of Count Two, ten years imprisonment and a $250,000 fine, together with supervised release, and, in the case of Count Nine, life imprisonment and a $250,000 fine, together with supervised release. The defendant was also informed that the minimum mandatory sentence for Count Nine is five years in prison, together with supervised release. The defendant was informed under the Sentencing Reform Act of 1984, the United States Sentencing Commission has issued guidelines for judges to follow in determining the sentence in a criminal case. The defendant was then informed that, in light of the United States Supreme Court's decision in *United States v. Booker*, 2005 WL 50108 (U.S. Jan. 12, 2005), the sentencing guidelines are no longer mandatory but that the sentencing judge may apply them in an advisory fashion in determining a reasonable sentence. The defendant testified that she and her counsel had discussed how the sentencing guidelines might apply in his case. The defendant also testified that she understood that the court would not be able to determine the applicable guideline range, for advisory purposes, until after a presentence report has been prepared and both parties have an opportunity to challenge the reported facts and the application of the guidelines. She stated that she understood that the eventual sentence imposed may be different from any estimate her attorney has given her and that the court has the authority to issue a sentence that is either higher or lower than that called for by the guidelines, so long as the sentence is not greater than the statutory maximum for the offenses to which the defendant is pleading guilty.

The defendant testified that she understood that, pursuant to USSG §§ 3B1.1 and 3B1.2, a maximum of four sentencing points may be added to or subtracted from her sentencing level depending on the degree to which she organized, led, managed or supervised criminal activity

-4-

Case 5:05-cr-00001-GEC-BWC   Document 231   Filed 05/10/05   Page 4 of 9   Pageid#: 593

involving multiple participants. The defendant acknowledged, however, that she and the government agree that her base offense should neither be enhanced nor diminished based upon her role in the offense. The defendant testified that she understood that, contingent upon her acceptance of responsibility and continued cooperation in the sentencing process, and fulfillment of her duties under the plea agreement, the government will recommend an additional two-level (2) reduction under USSG § 3E1.1(a) for acceptance of responsibility and a one-level (1) reduction pursuant to USSG § 3E1.1(b) because she meets the listed criteria. The defendant stated that she and the government agree that the government will not file a motion for substantial assistance. The defendant stated that she knew that parole has been abolished. She acknowledged that if sentenced to incarceration she will not be released on parole but on supervised release, a violation of which could result in additional incarceration.

The defendant testified that she understood that she had the right to a trial by a jury, in addition to the following rights, which would be waived or given up if her guilty plea is accepted:

1. The right to plead not guilty to any offense charged against her;
2. The right at trial to be presumed innocent and to force the government to prove her guilt beyond a reasonable doubt;
3. The right of assistance of counsel;
4. The right to see, hear and cross-examine witnesses;
5. The right to call witnesses to testify in her own behalf and to the issuance of subpoenas or compulsory process to compel the attendance of witnesses; and
6. The right to decline to testify unless she voluntarily elected to do so in her own defense;
7. The right to a unanimous guilty verdict;
8. The right to appeal a guilty verdict.

The defendant also testified that she understood that if she is adjudged guilty of these charges, she may be deprived of valuable civil rights, such as the right to vote, the right to hold public office, the right

to serve on a jury, and the right to possess a firearm.

The defendant stated that she was fully satisfied with the advice and representation given to her in this case by her counsel. The defendant also testified that she understood the possible consequences of her plea and the consequences of breaching any term of the plea agreement. The defendant asked the court to accept her plea of guilty to Count Two of the Superseding Indictment.

**THE GOVERNMENT'S EVIDENCE**

The defendant waived her right to have the government's Factual Summary read in open court and accepted said Summary in its entirety. The Factual Summary having been filed in open court, the evidence presented therein regarding the offenses charged may be summarized as follows:

On May 17, 2004, the ATF and DEA were contacted by a source of information that stated William Russell Carroll, a/k/a "Tony" (hereinafter referred to as Carroll) was involved in buying, using and selling cocaine in and around the Winchester, VA area. The source of information further stated that Carroll was looking to hire a "hit man" to kill his girlfriend's husband who resides in Cumberland, Maryland. His girlfriend was the defendant, Karen Sue James.

Beginning on May 19, 2004 and continuing until January 05, 2005 undercover ATF Agents met with Carroll in Winchester, VA approximately nine times and had numerous recorded telephone conversations with him. During these recorded meetings and conversations Carroll:

- Negotiated payment for the murder, which would be money, cocaine and provide the intended murder weapon.

- Provided down payment for the murder, which consisted of a MAK 90 assault rifle, 299 rounds of ammunition and four magazines. This weapon was accepted as down payment after Carroll told the undercover that he intended on trading the weapon to a "Mexican" cocaine dealer

-6-

for 2.5 ounces of cocaine to raise money to pay for the murder.

- Provided the undercover agent with the intended victim's address, work schedule, vehicle description and two photographs of the intended victim.

- Provided the undercover with two additional murder weapons: a .12 gauge sawed-off shotgun and later, a .12 gauge shotgun.

- Coordinated the timing of the murder to ensure a solid alibi. Carroll told the undercover he would be at the "FLYING J" truck stop when the murder occurred.

- Discussed and approved the method and means for the abduction and murder of the victim.

- Told the undercover agent that the defendant knew about and approved the murder plot.

The co-conspirator's in the case include co-defendant, Carroll and William Russell Carroll, II (Carroll's son). The defendant's involvement included previously trying to hire another "hit man". The defendant also provided Carroll with details about her husband, the intended victim, such as photographs and work schedules. The defendant also offered her pickup truck as payment for the hit. William Russell Carroll, II made the sawed-off shotgun for his father, knowing it was to be used to murder the defendant's husband.

On November 22, 2004, investigators interviewed Howard Brunson. Brunson stated that Carroll previously had solicited him to murder the defendant's husband. Brunson stated that during a few of these solicitations the defendant was present and even offered Brunson her vehicle to help pay for the murder.

On January 05, 2005, the defendant was arrested and advised of her Miranda rights. The defendant waived her rights in writing and confirmed to investigators that she and Carroll had discussed

the murder of her husband with Brunson. The defendant further stated that, in May 2004, Carroll told her that he had found someone to kill her husband for $2000. The defendant further admitted that she and Carroll had a few conversations planning her husband's murder.

**PROPOSED FINDINGS OF FACT**

Based on the evidence presented at the plea hearing, the undersigned now submits the following formal findings of fact, conclusions and recommendations:

1. The defendant is fully competent and capable of entering an informed plea;

2. The defendant is aware of the nature of the charges and the consequences of her plea;

3. The defendant knowingly and voluntarily entered a plea of guilty to Count Two of the Superseding Indictment; and

4. The evidence presents an independent basis in fact containing each of the essential elements of the offenses to which the defendant is pleading guilty.

**RECOMMENDED DISPOSITION**

Based upon the above findings of fact, the undersigned RECOMMENDS that this court accept the defendant's plea of guilty to Count Two of the Superseding Indictment and adjudge her guilty of that offense. The undersigned further DIRECTS that a presentence report be prepared and RECOMMENDS that the presiding District Judge defer acceptance of the plea agreement until after that report has been submitted to the Court. A sentencing hearing hereby is scheduled for August 10, 2005 at 10:00 a.m. before the presiding District Judge in Harrisonburg.

## NOTICE TO PARTIES

Notice is hereby given to the parties of the provisions of 28 U.S.C. § 636(b)(1)(C): Within ten days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. The presiding District Judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. The presiding District Judge may accept, reject, or modify, in whole or in part, the findings or recommendations made by the undersigned. The judge may also receive further evidence or recommit the matter to the undersigned with instructions.

Failure to file timely written objections to these proposed findings and recommendations within 10 days could waive appellate review. At the conclusion of the 10-day period, the Clerk is directed to transmit the record in this matter to the presiding United States District Judge.

The Clerk is hereby directed to send certified copies of this Report and Recommendation to all counsel of record.

ENTERED: _____
United States Magistrate Judge

5/10/05
Date